1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

DAWUD ROBINSON,                                    No.  2:13-cv-0105 GEB AC P

12

Petitioner,

13

v.                                    FINDINGS AND RECOMMENDATIONS

14

R. BARNES,

15

Respondent.

16
17

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an

18

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is

19

respondent's motion to dismiss the petition for failing to exhaust state court remedies.  ECF No.

20

12.  Petitioner was granted an extension of time in which to file an opposition to the motion, ECF

21

No. 14, and warned that his failure to file an opposition would be deemed as consent to have the

22

pending motion granted.[1]  Plaintiff has filed no opposition to the motion.

23

While the failure to follow a district court's local rules may be a proper ground for

24

dismissal, <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995), in the present circumstances the

25

---

26

[1] Local Rule 230(l) provides in part:  "Failure of the responding party to file written opposition or
to file a statement of no opposition may be deemed a waiver of any opposition to the granting of

27

the motion . . . ."   Further, Local Rule 110 provides that failure to comply with the Local Rules
"may be grounds for imposition of any and all sanctions authorized by statute or Rule or within

28

the inherent power of the Court."

1

1   undersigned recommends that the motion to dismiss be granted because the record plainly

2   demonstrates that petitioner has failed to exhaust his state court remedies.

3         The Petition

4         Petitioner presents a single claim for relief in his federal habeas corpus petition.  ECF No.

5   1.  He alleges that the California Department of Corrections and Rehabilitation violated his

6   Eighth Amendment right to be free from cruel and unusual punishment by failing to authorize a

7   50% worktime credit to his sentence for possession of heroin by an inmate.  ECF No. 1 at 2, 5.

8   Petitioner indicated that he filed a state habeas corpus petition with the Sacramento Superior

9   Court as well as the California Court of Appeal challenging the calculation of his post sentence

10   worktime credits.  Id. at 304.

11         Motion to Dismiss

12         Respondent argues in the motion to dismiss that petitioner presented only a state law

13   claim in his habeas corpus petition filed in the California Supreme Court.  See ECF No. 12.

14   Respondent attached the relevant state habeas corpus petition to his motion to dismiss.  See ECF

15   No. 12-1.  In the California Supreme Court, petitioner relied on only state law to argue that the

16   CDCR was depriving him of post sentence worktime credits.  See ECF No. 12-1 at 5-10.

17   Nowhere in the state habeas petition does he mention the Eighth Amendment or even the federal

18   constitution.  Id.  Moreover, none of the state cases cited by petitioner reference the Eighth

19   Amendment's cruel and unusual punishment clause.  Compare Peterson v. Lampert, 319 F.3d

20   1153 (9th Cir. 2003) (en banc) (finding that, for purposes of exhaustion, citation to a state case

21   analyzing a federal constitutional issue serves the same purpose as citation to a federal case

22   analyzing such an issue).

23         General Principles Regarding Exhaustion

24         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

25   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

26   entitled to relief in the district court...."  The Advisory Committee Notes to Rule 5 of the Rules

27   Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by

28   the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth

1    Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to

2    exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing

3    § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); White v. Lewis,

4    874 F.2d 599, 602–03 (9th Cir. 1989).  Based on the Rules Governing Section 2254 Cases and

5    case law, the court will review respondent's motion for dismissal pursuant to its authority under

6    Rule 4.

7          The exhaustion of available state remedies is a prerequisite to a federal court's

8    consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v. Lundy,

9    455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner can satisfy the exhaustion requirement by

10   providing the highest state court with a full and fair opportunity to consider all claims before

11   presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v.

12   Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).  A "full and fair

13   presentation" means describing the operative facts and the federal legal theory on which the

14   claim(s) is based.  Picard, 404 U.S. at 276-278.  It is not sufficient to raise a similar claim in state

15   court and then later raise a constitutional challenge in federal court.  See Duncan v. Henry, 513

16   U.S. 364 (1995) (holding that there was no fair presentation and thus no exhaustion where

17   petitioner failed to raise a federal constitutional challenge to evidence in state court and finding a

18   mere similarity of claim sis not sufficient to exhaust state court remedies).

19         While the advent of AEDPA's one year statute of limitations has led to the development

20   of judicially-crafted procedures to deal with exhaustion issues, this court has no authority to stay

21   a wholly unexhausted federal habeas petition such as petitioner's.  See Rhines v. Weber, 544 U.S.

22   269 (2005) (authorizing a stay and abeyance of a mixed federal habeas corpus petition); King v.

23   Ryan, 564 F.3d 1133 (9th Cir. 2009) (recognizing continuing vitality of alternative stay and

24   abeyance procedure for petition containing exhausted claims); Raspberry v. Garcia, 448 F.3d

25   1150 (9th Cir. 2006) (declining to extend stay and abeyance procedure to wholly unexhausted

26   petitions).  Dismissal of a wholly unexhausted federal habeas petition pending the exhaustion of

27   state court remedies is the only available option.  See Rasberry, 448 F.3d at 1154 (completely

28   unexhausted petition must be dismissed without prejudice); Jiminez v. Rice, 276 F.3d 478 (9th

1    Cir. 2001) (holding that the district court properly dismissed the federal habeas petition even

2    though at the time of dismissal the claims were exhausted in state court).

3        Discussion

4        After reviewing the motion to dismiss and its attachments, the court finds that petitioner

5    has failed to exhaust his state court remedies by failing to present his federal constitutional

6    challenge to the California Supreme Court.  See Hiivala v. Wood, 195 F.3d 1098 (9th Cir. 1999)

7    (holding that petitioner failed to exhaust federal due process claim because he presented the claim

8    in state court only on state law grounds), cert. denied, 529 U.S. 1009 (2000).  The Eighth

9    Amendment claim presented in the federal habeas corpus petition has not been fully and fairly

10   presented to the California Supreme Court.  Further, there is no allegation that state court

11   remedies are no longer available to petitioner.

12       IT IS HEREBY RECOMMENDED that:

13       1.  Respondent's motion to dismiss be granted (ECF No. 12);

14       2.  Petitioner's application for a writ of habeas corpus be dismissed without prejudice for

15   failing to exhaust state court remedies (ECF No. 1).

16       These findings and recommendations will be submitted to the United States District Judge

17   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days

18   after being served with these findings and recommendations, any party may file written

19   objections with the court and serve a copy on all parties.  Such a document should be captioned

20   "Objections to Findings and Recommendations."  Any response to the objections shall be filed

21   and served within fourteen days after service of the objections.  The parties are advised that

22   failure to file objections within the specified time may waive the right to appeal the District

23   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24   DATED: December 2, 2013

25

26   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

27

28

4